The People of the State of Illinois, Plaintiff-Appellant, *v.* Randall K. Abel, Defendant-Appellee.

(No. 74-20; )

Third District—July 31, 1974.

Henry D. Sintzenich, State's Attorney, of Macomb, for the People.

Thomas Dye, of Macomb, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

On October 21, 1973, defendant, Randall K. Abel, was arrested by Officer Edward Wilson for careless driving and resisting a peace officer. Officer Wilson was assisted in the arrest by Sergeant Galen Dorothy and Officer Gary Douglas. An information charging resisting a peace officer was filed. Defendant plead not guilty and demanded a jury trial.

The case came on for trial setting and was set for trial on Monday, January 14, 1974. Sergeant Dorothy was recovering from surgery and might not be able to testify, but he was not a necessary witness; Officers

Wilson and Douglas were both necessary. Officer Douglas was taken ill on Sunday, January 13; he was bedridden, and no specific day was ascertainable when he would be able to testify. The only witness available was Officer Wilson, who alone could not establish the People's case. The assistant State's Attorney in charge of the case was notified early Monday morning, and he notified the court and defense attorney as soon as they were available.

Prior to the calling of the case the People filed a written motion for continuance on the above facts, which motion was denied. Defense then made an oral motion for dismissal for "want of prosecution." Over objection of the People the trial judge granted the motion and dismissed the case for "want of prosecution." The People have appealed.

■■ We quote from a similar case, *People v. Hoover*, 12 Ill.App.3d 25, 26, "The judgment of the trial court in discharging the defendant was improper. The only grounds authorizing the discharge of a defendant without trial are found in the Code of Criminal Procedure, Ill. Rev. Stat. 1971, ch. 38, sec. 114—1. In a most similar case, *People v. Barksdale* (1969), 110 Ill.App.2d 163, the trial court dismissed the criminal case for want of prosecution upon the defendant's motion. In that case the witnesses were non-available and the court specifically held that the trial court has no power to dismiss the indictment except on the grounds set forth in the Code of Criminal Procedure * * *. In *People v. Shick* (1968), 101 Ill.App.2d 377, the court stated exactly the same thing. In a recent case in this court, *People v. Guido* (1973), 11 Ill.App.3d [1067, 1069], we stated that 'A dismissal for want of prosecution does not come within any of the statutory grounds set forth in Section 114—1.' We adhere to that opinion."

We reverse the order of dismissal and remand the case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

ALLOY, P. J., and STOUDER, J., concur.