THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
CARL A. RALSTON, Defendant-Appellee.

Fifth District   No. 5—83—0381

Opinion filed December 8, 1983.

John Baricevic, State's Attorney, of Belleville (Stephen E. Norris and
Mary W. Richardson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Randy E. Blue, of State Appellate Defender's Office, of Mt. Vernon, and
Michael A. Lynch, law student, for appellee.

JUSTICE JONES delivered the opinion of the court:

The State appeals from the dismissal of a three-count forgery indictment against the defendant for failure of the complaining witness to appear on the date set for trial.

On February 21, 1983, defendant was arrested and bond was set at $30,000. On May 9, 1983, defendant asked for a dismissal after the State had made a motion for continuance. The court stated that the cause would be continued until 9 a.m. the next day. It appears that the parties and the court had an in-chambers discussion prior to going on the record in open court. On May 9, 1983, the court entered the following written order:

> "This cause coming before the Court; the Court being fully
> advised in the premises and having jurisdiction of the subject
> matter; The Court finds: Complaining witness fails to appear.
> Court calls case to trial, State moves to continue; IT IS
> THEREFORE ORDERED: that State's Motion is denied as to

continuance. This cause be and is hereby dismissed for failure of complainant Brown to appear. Def. ordered released forthwith.''

The State contends that the court abused its discretion by dismissing the indictment as dismissal was neither authorized by law nor warranted by the facts. The defendant contends that the court did not abuse its discretion as the State made no showing that it had acted diligently in attempting to procure the presence of the complaining witness.

The only statutory grounds authorizing the discharge of a defendant without trial are found in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—1). (*People v. Abel* (1974), 21 Ill. App. 3d 314, 315 N.E.2d 136.) A dismissal for want of prosecution does not come within any of the statutory grounds set forth in section 114—1. 21 Ill. App. 3d 314, 315, 315 N.E.2d 136, 137.

In *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, the supreme court expanded upon the statutory provisions of section 114—1, declaring that an action may be dismissed where the defendant has been denied due process as a result of preindictment delay. (*People v. Grimm* (1979), 74 Ill. App. 3d 514, 392 N.E.2d 1138.) However, the supreme court continued that its holding

"must not be construed as an invitation to disregard statutory provisions on dismissal. The courts must proceed with restraint and ascertain preindictment denial of due process only with certainty. Such certainty may be ascertainable in a pretrial evidentiary hearing on a motion to dismiss.

Whether the court chooses to determine issues of prejudicial delay in a pretrial hearing or at trial is for it to decide; the fundamental consideration is the competing interests of the defendant and the People." *People v. Lawson* (1977), 67 Ill. 2d 449, 457, 367 N.E.2d 1244, 1247.

Section 114—4(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—4(e)) provides in part:

"After a hearing has been held upon the issue of the State's diligence and the court has found that the State has failed to use due diligence in pursuing the prosecution, the court may not dismiss the indictment or information without granting the State one more court date upon which to proceed. Such date shall be not less than 14 nor more than 30 days from the date of the court's finding. If the State is not prepared to proceed upon that date, the court shall dismiss the indictment or infor-

mation, as provided in this section."

Balancing the competing interests of the State and defendant and considering section 114—4(e), the court erred in not granting the State a continuance of not less than 14 days nor more than 30 days from the date of the court's ruling.

Defendant alleges that he was prejudiced because he was incarcerated for failure to post bond while the State attempted to secure the presence of the complaining witness for trial. However, we perceive no prejudice because the provisions of section 114—4(e) and the statutory provisions governing bail (Ill. Rev. Stat. 1981, ch. 38, par. 110—1 *et seq.*) operate independently of each other.

For the foregoing reasons the judgment of the circuit court of St. Clair County is reversed and remanded with directions to afford the State one more court date upon which to proceed as provided by the second paragraph of section 114—4(e) of the Code of Criminal Procedure of 1963.

Reversed and remanded.

HARRISON and KASSERMAN, JJ., concur.