(No. 58470.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RICHARD RUDI, Appellant.

*Opinion filed September 20, 1984.*

Richard W. Culver, of Hoffman Estates, and Frederick F. Cohn, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and J. Michael Fitzsimmons, State's Attorney, of Wheaton (Mark L. Rotert and Marcia L. Friedl, Assistant Attorneys General, of Chicago, and Phyllis J. Perko and William L. Browers, of the State's Attorneys Appellate Service Commission, of Elgin), for the People.

JUSTICE SIMON delivered the opinion of the court:

In this case we must review the circuit court's authority under Illinois law to deny a prosecutor's motion for *nolle prosequi*. We are also called upon to decide whether the circuit court's actions in this case resulted in jeopardy to the defendant under the State and Federal constitutions, thus barring a new trial for the offenses charged. Ill. Const. 1970, art. I, sec. 10; U.S. Const., amend. V.

The defendant, Richard Rudi, was originally charged with battery, aggravated battery and unlawful restraint. He was convicted of battery in a jury trial, but this conviction was reversed by the appellate court for trial error and the cause was remanded for a new trial (94 Ill. App. 3d 856). Upon remand the circuit court entered an order setting the matter "for jury trial on April 13, 1982 at 9 a.m. without further notice."

On April 13 the prosecutor moved for a continuance until April 15. This motion was supported by an affidavit of the assistant State's Attorney who stated that the case had been assigned to her after the trial date had been set, but that the trial date did not appear in the prosecutor's case file. When the assistant State's Attorney called the circuit court clerk's office an employee of the clerk's office she could not identify erroneously gave her the date of April 16, 1982. Consequently, the assistant State's Attorney caused subpoenas to be issued for all of the State's witnesses to appear on April 16, 1982. The assistant State's Attorney urged that jury selection and opening arguments go forward on April 13 with a continuance to April 15 for the presentation of evidence.

The defendant's attorney objected to the motion for continuance, stating that he had scheduled an expert witness from California, that he had reserved three days for this trial and had no other space on his calendar until June. After the court denied the State's motion, the prosecutor moved to nol-pros the charge.

The State's Attorney of Du Page County personally addressed the court, stating that he would "very likely *** refile this case because it is clearly in the public interest." He indicated further that his office had "finally found the witnesses to get this case through to a conclusion," and did not wish to forgo an opportunity to convict the defendant merely because they could not at that time work out a mutually convenient date for trial. The

court denied the State's motion for *nolle prosequi:*

> "I must find that a motion to nolle pros. is merely another motion for continuance, which is part of a continuing course of conduct by the State's Attorney's Office to circumvent my denials of their motions for continuance when I find lack of due diligence. Consequently, I'll deny the motion for nolle pros."

The court then had the defendant sworn and asked whether "the State's Attorney [wished] to present any evidence or bring in a jury." When the State's Attorney failed to come forward with any evidence, the trial court entered an order stating "[t]hat the defendant, Richard Rudi, is not guilty of the offense of battery." The State did not appeal this order.

On May 17, 1982, the prosecutor filed a new information charging the defendant with the offense of battery arising from the same circumstances that were the subject of the first information. The circuit court granted the defendant's motion to dismiss the information on the ground of double jeopardy.

The State appealed and the appellate court reversed the circuit court by a Rule 23 order. (113 Ill. App. 3d 1168.) It held that under the circumstances the circuit court should have granted the motion for a continuance and that in any case the denial of the State's motion for *nolle prosequi* was an abuse of discretion because there had been no showing that the State's Attorney's action was capriciously or vexatiously repetitious. The appellate court also held that the dismissal was improper under *People v. Deems* (1980), 81 Ill. 2d 384. The defendant's petition for leave to appeal to this court was allowed (87 Ill. 2d R. 315(a)).

We agree with the appellate court's conclusion that this case is controlled by *People v. Deems.* Conceding that the defendant had been charged with the wrong offense, receiving stolen property, and that the State had

no evidence to convict the defendant of that crime, the prosecutor in *Deems* sought to dismiss the indictment. The prosecutor acknowledged, however, that he planned to indict the defendant for the offense of theft. The defendant opposed the motion for dismissal and demanded an immediate trial on the charge in the original indictment. The circuit court denied the prosecutor's motion, called the case for trial, and acquitted the defendant when the State failed to present any evidence against him. This court, on appeal by the State from the dismissal on double jeopardy grounds of a subsequent indictment for theft, disapproved of the procedure adopted by the circuit court in denying the prosecution's motion to dismiss and held that a trial on the new indictment would not violate double jeopardy.

As in *People v. Deems*, the "trial" held in this case on April 13 "was a sham, an artifice employed by the trial judge to achieve the result of a dismissal with prejudice for want of prosecution which *** he did not have the authority to order." (*People v. Deems* (1980), 81 Ill. 2d 384, 389; see also *People v. Hall* (1983), 117 Ill. App. 3d 881, 883-84.) Under the circumstances of this case it was an abuse of discretion for the circuit court to deny the prosecution's motion for *nolle prosequi*.

The defendant argues that allowing the prosecutor to nol-pros effectively transfers to him the court's power to control its calendar by divesting the circuit court of the authority to enforce its own schedule, thus violating the doctrine of separation of powers. (*Johnson v. Theodoron* (1927), 324 Ill. 543.) The defendant also contends that the power to nol-pros allows the State an unfair advantage over the defendant. Neither concern is substantial. Assistant State's Attorneys who fail without valid reasons to honor the court's calendar may be held in contempt. Moreover, in the future a recently enacted statute will permit the court to dismiss an action in cases where

the prosecution "has failed to use due diligence in bringing the case to trial" after allowing one last continuance of from 14 to 30 days. Ill. Rev. Stat. 1983, ch. 38, par. 114—4(e).

Likewise, circuit courts have ample authority to protect the legitimate rights of defendants by enforcing the terms of the speedy-trial acts (see *People v. Fosdick* (1967), 36 Ill. 2d 524, 528; *People v. Patheal* (1963), 27 Ill. 2d 269 (voluntary dismissal and subsequent refiling of charges does not toll the speedy-trial statute); see also *People v. Christensen* (1984), 102 Ill. 2d 321 (enforcement of interstate agreement on detainers)) and invoking the court's inherent authority to guarantee each defendant a fair trial. (*People v. Lawson* (1977), 67 Ill. 2d 449.) These powers enable the circuit court simultaneously to protect the legitimate rights of defendants, maintain respect for its calendar, and satisfy the public's interest in the fair and efficient prosecution of those accused of crime.

In this case, the circuit court's denial of the prosecutor's *nolle prosequi* motion was an abuse of discretion. There is no indication in the record of intentional delay or harassment by the prosecution. The evidence indicates that the assistant State's Attorney was simply misled by a clerical error and as a result subpoenaed all the State's witnesses for appearance on the wrong date. The record is clear that the prosecutor moved to nol-pros after the court denied her motion for a two-day continuance because she had no evidence available on that day to present against the defendant. *Nolle prosequi* was called for under these circumstances. *People v. Deems* (1980), 81 Ill. 2d 384.

Although the prosecution was at fault for failing to keep an accurate record of the trial date, dismissal of the charge is an extreme sanction against the public in a case where it has not been shown that the request for

*nolle prosequi* is vexatious or that it will cause substantial prejudice to the defendant. This was the only *nolle prosequi* motion in this matter, and it was presented nearly seven years after the crime alleged in this case occurred. The first trial was delayed for nearly two years by numerous motions by the defendant for continuance, and upon remand to the circuit court after reversal of his conviction by the appellate court, the defendant did not demand a speedy trial. There was no showing that the postponement of the trial would deny the defendant a fair trial or violate fundamental principles of fair dealing.

Retrial of the defendant under the new information does not violate the constitutional guarantee that "[n]o person shall *** be twice put in jeopardy for the same offense." (Ill. Const. 1970, art. I, sec. 10; see also U.S. Const., amend V.) The underlying principle of the guarantee against double jeopardy "is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." (*Green v. United States* (1957), 355 U.S. 184, 187-88, 2 L. Ed. 2d 199, 204, 78 S. Ct. 221, 223.) The guarantee has been implemented by "rules that specify when jeopardy attaches and that prohibit a retrial of an acquitted defendant. But those rules should not be applied mechanically when the interests they protect are not endangered and when their mechanical application would frustrate society's interest in enforcing its criminal laws." *People v. Deems* (1980), 81 Ill. 2d 384, 388.

The words "not guilty" which the trial judge used have " 'no talismanic quality for purposes of the Double

Jeopardy Clause' (*Serfass v. United States* (1975), 420 U.S. 377, 392, 43 L. Ed. 2d 265, 276, 95 S. Ct. 1055, 1064), and what constitutes an acquittal for purposes of the double jeopardy clause is not necessarily controlled by the form of the judge's action [citation], or what the judge calls it [citations]." (*People v. Deems* (1980), 81 Ill. 2d 384, 388.) Although the circuit court ordered the case to "trial" and purportedly "acquitted" the defendant, the trial and the acquittal had none of the traditional characteristics of such proceedings. The prosecution did not present any evidence, but on the contrary was trying in good faith to dismiss the case. No factual issues were resolved in favor of the defendant, as they are when the case is decided after the State has begun its presentation of evidence (*People v. Wiley* (1979), 71 Ill. App. 3d 641) or when the State's Attorney acquiesces in an order dismissing the charges against the defendant *with prejudice* (*People v. Creek* (1983), 94 Ill. 2d 526). No jury was sworn.

The defendant, having been sworn as a witness, argues that he was subjected to jeopardy under the traditional rule that jeopardy attaches when the first witness is sworn. (*United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 569, 51 L. Ed. 2d 642, 650, 97 S. Ct. 1349, 1353.) In *People v. Deems*, however, this court observed:

> "That rule is predicated upon the fact that the first witness is normally an individual whose testimony is part of the State's case—a prosecution witness whose appearance is a part of the incriminating presentation jeopardizing defendant. Here, the only person sworn was the defendant himself, and he did not testify. No evidence of any type was introduced, and it is clear that defendant was at no time during these proceedings in danger of being found guilty of any offense." (81 Ill. 2d 384, 390.)

The "trial" or "acquittal" in this case was no more than

a dismissal for want of prosecution, and as was held in *Deems* such dismissals do not put the defendant in jeopardy or bar retrial on a new indictment.

The defendant urges that we reconsider *Deems* in the light of the United States Court of Appeals decision in *Goolsby v. Hutto* (4th Cir. 1982), 691 F.2d 199. In *Goolsby*, as in *Deems*, the trial court denied a prosecution motion for *nolle prosequi*, swore a witness, and acquitted the defendant when the prosecution failed to elicit any testimony from him. The defendant was reindicted and convicted at a second trial. The Court of Appeals granted *habeas corpus* on double jeopardy grounds. The only substantial difference between *Goolsby* and *Deems* is that in the former the witness who was sworn but did not testify was not the defendant, as in *Deems*, but an investigating police officer who had been subpoenaed by the defendant. To the extent that the two cases are in conflict, we believe our own precedent is the accurate statement of the law for the reasons we have given.

The judgment of the appellate court is affirmed, and the cause is remanded to the circuit court for trial on the second information. As was done in *Deems*, in the exercise of our supervisory power (Ill. Const. 1970, art. VI, sec. 16; 87 Ill. 2d R. 315(a); *People v. Breen* (1976), 62 Ill. 2d 323), we direct the circuit court to vacate the judgment of "not guilty" and allow the State's motion for *nolle prosequi. People v. Deems* (1980), 81 Ill. 2d 384, 391.

*Appellate court affirmed;*
*supervisory order entered.*