THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
EUGENE TAYLOR *et al.*, Defendants-Appellees.

Fifth District    No. 5—83—0746

Opinion filed February 27, 1985.—Rehearing denied April 2, 1985.

John Baricevic, State's Attorney, of Belleville (Kenneth Boyle, Stephen
E. Norris, and Karen L. Stallman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Randy E. Blue and Dan W. Evers, both of State Appellate Defender's
Office, of Mt. Vernon, for appellees.

PRESIDING JUSTICE JONES delivered the opinion of the court:

We have consolidated for disposition three cases involving the same issue, that being whether a trial court may act upon its own motion to dismiss a criminal case for lack of prosecution.

Defendant Lonnie Eugene Taylor was indicted on August 4, 1983, on charges of armed violence, attempted murder and aggravated battery. On October 26, 1983, the State orally moved for a continuance, giving as a reason that further investigation of the case was necessary. The court continued the case to the next day, October 27, 1983. After the court's ruling on the continuance, the State filed a written motion for continuance, asserting as grounds that laboratory analysis of evidence was incomplete and that the complaining witness was absent. On October 27, 1983, the trial court, after hearing argument, denied the motion for continuance and, upon ascertaining that the State was not ready to proceed to trial, acted upon its own motion and dismissed the case "for lack of prosecution."

Defendant Kenneth Thomas was indicted on August 4, 1983, for burglary. On September 29, 1983, the State filed a written motion for continuance alleging that a material witness, Detective Richard Scott, would be on vacation until October 21, 1983. The motion was granted, and the case continued to October 24, 1983. On the latter date the

State filed another motion for continuance, alleging this time that the victim was unavailable for trial because he was hospitalized with a heart condition. The second motion for continuance was denied and the case set for trial on October 26, 1983. On that date the State indicated that the victim was still unavailable and consequently it was not ready for trial. The State then made a motion for dismissal without prejudice. That motion was denied and, upon its own motion, the court dismissed the case for lack of prosecution.

Defendant James Wilkerson was charged by information filed on March 10, 1983, with unlawful possession of cannabis. The case was called for trial on October 26, 1983, but continued to October 27, 1983, because a witness subpoenaed by the State failed to appear. On that date the State moved for a further continuance because it had been unable to locate the subpoenaed witness. The court denied further continuance and, on its own motion, dismissed the case for lack of prosecution.

The State filed timely notice of appeal in each of the cases, and we find that each must be reversed.

■ Disposition of the appeal in each of these three cases is controlled by *People v. Ralston* (1983), 120 Ill. App. 3d 187, 457 N.E.2d 1046, and *People v. Abel* (1974), 21 Ill. App. 3d 314, 315 N.E.2d 136, wherein it was held that the only statutory grounds authorizing discharge of a defendant without trial are found in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—1), and a dismissal for want of prosecution does not come within any of the grounds set forth in that statute. Also see *People v. Bragg* (1984), 126 Ill. App. 3d 826, 467 N.E.2d 1004.

We would note that the case of *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, describes an exception to and enlargement of the grounds set forth by section 114—1, but the exception described there has no application to any of the cases under consideration.

*People v. Ralston* also considers the question of dismissals pursuant to section 114—4(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—4(e)), where the State has moved for a continuance and the court has found that there was a lack of diligence in its prosecution of the case. Section 114—4(e) is important to the cases under consideration because of the provision in its second paragraph that after a hearing has been held on the State's diligence, and a lack of diligence has been found, the court may not dismiss an indictment or information without granting one more court date upon which the prosecution may proceed, such date to be not less than 14 nor more than 30 days from the date of the court's find-

ing. Since each of the three cases before us was instituted less than one year before dismissal, we are not concerned with the one year application referred to in the first paragraph of 114—4(e).

With regard to the second paragraph of 114—4(e), the State contends that upon remand it should not be bound to adhere to the 14- to 30-day time constraint for trial because in none of the cases before us did the trial court make a finding, as the State contends the second paragraph of 114—4(e) requires, that the State has failed to use diligence in pursuing the prosecution. We must disagree with the State's argument for we find the statutory scheme to be plain in providing to the contrary. The first sentence of 114—4(e) provides that *all* motions for continuance are addressed to the discretion of the court *and shall be considered in light of the diligence shown on the part of the movant.* In deciding upon the issue, we have coupled that language with section 114—4(h), which provides:

> "This Section shall be construed to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the State to a speedy, fair and impartial trial." Ill. Rev. Stat. 1981, ch. 38, par. 114—4(h).

▐ In view of this language in sections 114—4(e) and 114—4(h), we believe that any time a court denies the State's motion for a continuance there is an attendant finding that there has been a failure to use due diligence in pursuing a prosecution and that if the finding is not expressed, it must be implied. Accordingly, where the prosecution of a case was commenced less than one year before the order of dismissal upon denial of the State's motion for a continuance, the court must grant one more court date for the State to commence its prosecution, that date to be within the 14- to 30-day time constraint provided in the second paragraph of section 114—4(e).

▐▐ Our interpretation of section 114—4(e) is applicable to the cases of defendants Taylor and Wilkerson before us. Therefore, upon remand the trial court must grant one more court date for trial of their cases, not less than 14 nor more than 30 days from the date of our mandate.

▐ Defendant Thomas has raised an issue peculiar to his case. Of the three defendants before us, only he was being held in custody pending trial of his case, presumably because he was unable to post bail. He remained in custody for a total of 110 days, until October 26, 1983, when the charge against him was dismissed for lack of prosecution. Thomas concedes that the trial court was without authority to dismiss the charge against him "for lack of prosecution" since that is not one of the grounds provided by sections 114—1 and 114—4(e). He

argues, however, that the dismissal in his case can be justified for failure to provide a speedy trial pursuant to sections 103—5 and 114—1(a)(1) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, pars. 103—5, 114—1(a)(1)). The essence of defendant's argument is that the State simply does not have sufficient time remaining on the 120-day term imposed by section 103—5(a) to bring him to trial. He relies on *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244 (trial court has the inherent authority to dismiss a criminal case where there is a clear denial of due process) and *People v. Brown* (1982), 92 Ill. 2d 248, 442 N.E.2d 136 (dismissal of a case on the 158th day of the 160-day rule upheld because it was clear the State could not have brought defendant to trial within the 160 days).

We think the argument of defendant Thomas is not well taken. Although this appeal by the State tolls the application of the 120-day rule (see 87 Ill. 2d R. 604(a)(4)), the State would, as defendant concedes, have an additional 10 days in which to bring defendant to trial. That time span may well be sufficient to bring the defendant to trial before a jury. At any rate, the time span is sufficiently long that we cannot make the decision on behalf of the State. The 10 days remaining to them is five times longer than the two days considered in the *Brown* case. Ten of the 120 days remain, and we see no fundamental unfairness to the defendant, nor do we see any denial of due process as explained in the *Lawson* case.

Reversed and remanded as to all three cases.

WELCH and KASSERMAN, JJ., concur.