THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN W. DAVIES, Defendant-Appellee.

Second District   Nos. 84—0079, 84—0107 cons.

Opinion filed September 10, 1985.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Nancy K. Wilson, Assistant State's Attorney, and Phyllis J. Perko and Diana Fischer-Woods, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Joseph Anderson and Stephen M. Deitsch, both of Callum, Anderson & Deitsch, of Wheaton, for appellee.

JUSTICE STROUSE delivered the opinion of the court:
This appeal is a consolidation of two cases involving the same

defendant and occurrence. A late notice of appeal from the order of November 2, 1983, in case No. 82 CM 4142—01, was allowed by this court on February 16, 1984, over objection by defendant. The State appeals from the trial court's order of November 2, 1983, granting defendant's motion for a finding of not guilty based on lack of evidence. The State also appeals from the trial court's order of January 4, 1984, in case No. 83 CF 1686, granting defendant's motion to dismiss on the sole ground that it was improper for one trial court judge to review the findings of another trial judge.

Defendant, John W. Davies, was charged by complaint on August 27, 1983, with the offense of retail theft of merchandise having a value of less than $150 in violation of section 16A—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 16A—3(a)). On November 2, 1983, when the case was set for a bench trial, the prosecutor declared that it was the State's intention to proceed on the charge as a felony instead of a misdemeanor because of a prior conviction for a theft. The State then asked that the case be set for preliminary hearing since the trial judge was unable to hear felony trials. The trial judge responded that the State was required to charge defendant with a felony by information and could not enhance the charge by an oral motion. Defense counsel objected because it was the third court appearance on the case and a demand for speedy trial had been filed. The State then moved to nol-pros the case on the basis that it had just been informed of a surprise witness. The court denied the motion and asked the State to call its first witness. However, the State had previously sent the witnesses home from court assuming that the case would be set for a preliminary hearing. The court then allowed the prosecutor to contact the witnesses. They could not be reached. On three occasions that day, the prosecutor advised the court that the State was unable to have witnesses for trial and was told to proceed. The State finally agreed to proceed but advised it could not call any witnesses. The court found defendant not guilty based on a lack of evidence.

On November 8, 1983, the State recharged defendant by indictment with felony theft. Defendant filed a motion to dismiss on the ground that the indictment was identical to the complaint in the prior action on which defendant was found not guilty; that defendant had been acquitted; and, defendant could not be prosecuted again for the same offense.

On December 29, 1983, defendant argued that the trial court in the second proceeding did not have the authority to review the findings of another trial judge. That court found a written information

was not necessary to enhance misdemeanor theft to a felony and jeopardy had not attached when there was no risk of a determination of guilt. However, the trial judge granted defendant's motion to dismiss on the basis that it was improper for one circuit judge to review the order of another in the same case.

Notice of appeal of the dismissal was timely filed on January 27, 1984, and a late notice of appeal of the November 2, 1983, order of acquittal was filed February 23, 1984, pursuant to petition and order of this court.

■■ The State first argues that the trial court erred in not allowing the State to enhance a misdemeanor theft to a felony by oral motion. In a recent series of cases, the supreme and appellate courts of this State have held that it is not necessary to file a written information setting forth the basis of enhancement to charge the offense of felony theft based on a misdemeanor where a defendant has a prior conviction of misdemeanor theft. See *People v. Palmer* (1984), 104 Ill. 2d 340, 347; *People v. Hayes* (1981), 87 Ill. 2d 95, 98; *People v. Price* (1984), 127 Ill. App. 3d 1, 2.

In the present case, although notice was not as timely as in *Hayes*, defendant does not demonstrate how he was prejudiced in any way. To be considered and questioned, however, is the State's decision to wait until the day of trial to enhance the offense, since the State had prior knowledge of the fact that the trial court could not hear felony cases. It is apparent that the State was aware of the effect of its action, since it chose to dismiss its witnesses earlier that morning, relying on the fact that trial would be postponed. Had the trial judge been able to hear felony cases, however, it would appear that the elevation of the offense would not have postponed the trial, since under *People v. Jackson* (1984), 99 Ill. 2d 476, 480-81, whether theft is classified as felony theft or misdemeanor theft affects only the sentencing and not the substantive elements of the offense charged.

However, since the State is not required to file a further pleading to enhance the charge, the trial court was in error in not permitting the charge to be elevated. Since the trial judge was not certified to hear felony cases, he could have either held a preliminary hearing or reassigned the case to another judge for trial.

■■ The next claim of error is the refusal of the trial judge to grant the motion to nol-pros when the State advised the court of a surprise witness. The decision to nol-pros a charge lies within the discretion of the prosecutor, and a trial court may not deny the motion under normal circumstances. (*People ex rel. Castle v. Daniels* (1956), 8 Ill. 2d 43, 47; *People v. Christensen* (1983), 113 Ill. App. 3d 938, 941,

*rev'd on other grounds* (1984), 102 Ill. 2d 321.) The authority to do so extends through all stages of the trial procedure. *People v. Olson* (1984), 128 Ill. App. 3d 560, 562; *People v. Baes* (1981), 94 Ill. App. 3d 741, 746.

Defendant argues that only the Attorney General has an absolute right to nol-pros a case. However, as this court pointed out in *People v. Verstat* (1983), 112 Ill. App. 3d 90, 104, a case involving the same trial judge as in the present case, recent appellate court decisions do not recognize any distinction between requests for *nolle prosequi* by the Attorney General and the State's Attorney. (See, *e.g., People v. Sanders* (1980), 86 Ill. App. 3d 457, 467.) Other decisions simply require that the consent and approval of the trial court is necessary before the State's Attorney may enter a *nolle prosequi.* See, *e.g., People v. Mooar* (1981), 92 Ill. App. 3d 852, 853.

In *Verstat,* this court conceded that the State's motion to nol-pros was a tactical maneuver designed to circumvent an anticipated denial of its motion for continuance. (*People v. Verstat* (1983), 112 Ill. App. 3d 90, 102.) However, under *Verstat,* and other cases, the standard of the discretion to review the State's request is governed by the determination of whether the State's Attorney's action is " 'capriciously or vexatiously repetitious' " (*People v. Verstat* (1983), 112 Ill. App. 3d 90, 104; *People v. Olson* (1984), 128 Ill. App. 3d 560, 562), or whether it will cause substantial prejudice to defendant (*People v. Rudi* (1984), 103 Ill. 2d 216, 222-23, *cert. denied* (1985), 469 U.S. 1228, 84 L. Ed. 2d 365, 105 S. Ct. 1227) (another case involving the same trial judge as in the present case)).

While the trial court may have been angered by the State's request to prolong the trial date, the trial court's actions were improper, since there was no showing that the prosecution's actions were capriciously or vexatiously repetitious. The defendant's rights to a speedy trial also were not prejudiced. Defendant was arrested on August 22, 1983, and filed a demand for a speedy trial on September 14, 1983, pursuant to section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—5). By November 2, 1983, less than 100 days had elapsed since the date of defendant's arrest. We hold the trial court erred in denying the State's motion to nol-pros the charge.

■ We must then consider the effect of the not guilty finding by the trial court. The record indicates that, in effect, there was no trial because there was no attempt by the State to convict defendant. No evidence was introduced. (See *People v. Deems* (1980), 81 Ill. 2d 384, *cert. denied* (1981), 450 U.S. 925, 67 L. Ed. 2d 355, 101 S. Ct. 1378.)

The State had attempted first to enhance the charge to a felony and then to nol-pros the case. As in *Deems*, "the trial" held at the first proceeding "was a sham, an artifice employed by the trial judge to achieve the result of a dismissal with prejudice for want of prosecution which *** he did not have the authority to order." (81 Ill. 2d 384, 389; see also *People v. Verstat* (1983), 112 Ill. App. 3d 90, 101.) We hold that the trial court's finding of not guilty was improper and the proceeding merely constituted a sham trial and, therefore, defendant was never in jeopardy.

Defendant contends that the motion to file a late notice of appeal of the original proceeding was improvidently granted. The basis for defendant's argument is that the State, itself, fostered the trial court's ruling and therefore should not now be allowed to appeal it. With defendant's objection to the State's motion for leave to file late notice of appeal, he submitted to the court a copy of the transcript of the proceedings held on November 2, 1983. At the time this court granted the State's motion to file late notice of appeal, it was fully aware of the actions of both the State and the trial court.

Defendant then argues that even if this court chooses to review the merits of the proceeding in question, the court must conclude that the State deliberately neglected to file an appeal of the trial court's not-guilty finding. Again, the facts underlying defendant's accusation are alleged in the affidavit accompanying the State's motion for leave to file late notice of appeal and have been considered and ruled upon by this court.

Here, Judge Hayton was clearly in error in entering a judgment of acquittal in a sham trial which order had no force or effect. In view of our decisions that the first proceeding was a sham and that defendant was not placed in jeopardy, it is not necessary for us to consider other matters. The orders of November 2, 1983, in No. 83 CM 4142–01 and January 4, 1984, in No. 83 CF 1686 are reversed and the cause is remanded for trial.

Reversed.

NASH, P.J., and REINHARD, J., concur.