THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD HOLLAN, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES T. FLANIGON, Defendant-Appellee.

Third District  Nos. 3—84—0768, 3—84—0769 cons.

Opinion filed March 6, 1986.—Modified on denial of rehearing April 11, 1986.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Howard R. Wertz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Melvin H. Hoffman, of Hoffman, Mueller & Creedon, of Ottawa, for appellees.

JUSTICE BARRY delivered the opinion of the court:

In separate Peoria County traffic cases consolidated for the instant appeal, the defendant Richard Hollan was found not guilty of the charge of driving under the influence of alcohol (DUI), and the defendant James T. Flanigon was found not guilty of charges of DUI and improper lane usage. The State brought the instant appeal. We reverse.

The following facts apply to each of the consolidated cases. The defendant was charged by uniform citation and complaint. On the date scheduled for bench trial, the State's witness was unavailable and the State moved for a continuance. The court denied the continuance motion. The State then moved to dismiss. The court denied the dismissal motion and called the case to trial. Following a hearing in which the

State did not participate, the court found the defendant not guilty. Subsequently, the court denied the State's motion to reconsider. The State appealed from the court's order finding the defendant not guilty.

On appeal, the State argues that the court improperly denied the State's motions to dismiss, conducted hearings, and acquitted each of the defendants. According to the State, this case is controlled by the decisions of the Illinois Supreme Court in *People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8, and *People v. Rudi* (1984), 103 Ill. 2d 216, 469 N.E.2d 580.

Defendant Flanigon argues that the court properly denied both the State's continuance motion and the State's dismissal motion. Flanigon further argues that he was properly acquitted when the State presented no evidence at the trial. Defendant Flanigon relies primarily on *People v. Thomas* (1975), 24 Ill. App. 3d 907, 322 N.E.2d 97. Defendant Hollan has filed no argument in this court. Nevertheless, under the authority of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we will address the consolidated appeal as to both defendants.

In *People v. Thomas* (1975), 24 Ill. App. 3d 907, 322 N.E.2d 97, this court reviewed a trial court's dismissal for want of prosecution. The dismissal followed the court's denial of the parties' joint motion for continuance and the State's subsequent choice not to proceed with *voir dire*. We held that the dismissal was improper absent one of the grounds for dismissal set out in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 114—1). We then stated, in *dicta* relied upon by the instant trial court and the defendant Flanigon, "[w]here the motion for a continuance has been properly denied the case should be called for trial, and if no evidence or insufficient evidence is presented by the People, then a judgment of acquittal may be entered by the court." *People v. Thomas* (1975), 24 Ill. App. 3d 907, 908, 322 N.E.2d 97, 97.

In the State's primary authority, *People v. Deems,* the State conceded that the defendant's charge of receiving stolen property was improper. The State moved to dismiss the charge and indicated it would seek a new charge for theft. The court likened the State's motion to a motion for continuance and found that the defendant was entitled to go to trial on the charge if he were prepared to do so. The court called the case for trial. Following a hearing in which the State did not participate, the court found the defendant not guilty of receiving stolen property. On the defendant's motion following the State's subsequent filing of a theft charge, the court dismissed on double jeopardy grounds. The State appealed.

The supreme court in *Deems* reversed the dismissal, finding that the defendant had not previously been subjected to jeopardy, as the receiving stolen property "trial" was a sham. The court found that the "trial" was an artifice employed by the trial judge to achieve the result of a dismissal with prejudice for want of prosecution which *Thomas* had held he lacked authority to order. Relying on *Deems,* other courts, on facts extremely similar to those now before us (*People v. Rudi* (1984), 103 Ill. 2d 216, 469 N.E.2d 580; *People v. Verstat* (1983), 112 Ill. App. 3d 90, 444 N.E.2d 1374), have found that the "trials" at issue were only sham proceedings. To reach their conclusions, the *Rudi* and *Verstat* courts focused, in relevant part, on whether the trial court had properly denied the State's motions to dismiss the charges.

Here, as in *Deems, Rudi,* and *Verstat,* the court attempted to conduct a trial without any participation by the State and after the State sought to dismiss the charge. The Hollan "trial" was called only seven months after the defendant's first court date and was preceded by no continuances granted on a State motion. Similarly, the Flanigon "trial" was called only five months after the defendant's first court date, and the docketing statement shows it was preceded by only four or fewer continuances requested by the State. Both defendants were free on bond throughout the continuances.

There is no indication in the record of intentional delay or harassment by the prosecution. (See *People v. Rudi* (1984), 103 Ill. 2d 216, 469 N.E.2d 580.) Neither is there any indication that the prosecution's dismissal motions were capriciously or vexatiously repetitious, or that grant of dismissal would have either violated speedy trial provisions of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—5) or prejudiced the defendant. (See *People v. Verstat* (1983), 112 Ill. App. 3d 90, 444 N.E.2d 1374.) We find that given the relevant factors, the court improperly relied on the *dicta* of *Thomas,* limited as it was by *Deems* and *Rudi,* and abused its discretion in denying the State's motion to dismiss. Under *Deems* and *Rudi,* the instant "trials" and the judgments of "acquittal" were merely improper dismissals for want of prosecution. See also *People v. Davies* (1985), 136 Ill. App. 3d 212, 483 N.E.2d 435.

Accordingly, we hereby reverse the judgments of the circuit court of Peoria County and remand the causes for further proceedings consistent with this decision.

Reversed and remanded.

SCOTT and STOUDER, JJ., concur.