THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BRUCE ELDER, Defendant-Appellee.

Third District   No. 3—86—0580

Opinion filed October 30, 1987.

Gary L. Spencer, State's Attorney, of Morrison (William L. Browers, of State's Attorneys Appellate Service Commission, of counsel), for the People.

418

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The trial court denied the State's second motion to continue and its subsequent motion to dismiss the case with leave to refile, then ordered the State to proceed to trial of the defendant, Bruce A. Elder. The State presented no evidence and the court found the defendant not guilty. The State appeals.

On May 23, 1986, the defendant was charged with driving while his driver's license was suspended. The same day, the State's Attorney requested the defendant's driving abstract from the Secretary of State. On May 30, 1986, the defendant pleaded not guilty and trial was set for July 9, 1986.

The day before trial, the State's Attorney sent a second request for the abstract to the Secretary of State. The next day, the trial court granted the State's motion to continue the trial because it had not yet received the abstract. Trial was rescheduled for August 6, 1986.

On August 6, the State's Attorney still had not received the defendant's abstract and requested another continuance. The trial court denied the motion, finding that there was a lack of due diligence by the State in prosecuting the defendant. The court then called the matter for trial. The State moved to dismiss the case with leave to refile; but the court denied the motion. After the State presented no evidence in the ensuing trial, the court found the defendant not guilty.

On appeal, the State argues that the trial court erred both in denying the motion to continue and in denying the motion to nol-pros the case. We agree with both contentions.

Where the prosecution of a case was commenced less than one year before the order of dismissal upon denial of the State's motion for a continuance, the court must grant one more court date for the State to commence its prosecution, that date to be within the 14- to 30-day time constraint provided in the second paragraph of section 114—4(e) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1985, ch. 38, par. 114—4(e); *People v. Taylor* (1985), 131 Ill. App. 3d 766, 476 N.E.2d 19.) Further, it is error for a trial court to deny the State's motion to nol-pros a case when the court has denied the State's motion for a continuance, the State's evidence is not available on the day set for trial, the State's request for *nolle prosequi* is not vexatious, and the defendant will not be substantially prejudiced by the court's

granting the motion. *People v. Rudi* (1984), 103 Ill. 2d 216, 469 N.E.2d 580.

In the instant case, less than one year had passed since the State commenced prosecution of the case. The sham trial was for all practical purposes an order of dismissal. (See *People v. Hollan* (1986), 142 Ill. App. 3d 774, 491 N.E.2d 1372.) The trial court therefore erred in failing to grant one more court date, within 14 to 30 days, for the State to commence prosecution.

The trial court further erred in denying the State's motion to nol-pros the case. Despite the court's statement that the State's motion was "nothing but a rather unsubtle way to circumvent the dictates of law, rule, and fairness so as to obtain a 'continuance' and thus avoid its own lack of due diligence," we find no evidence in the record suggesting either that the motion was vexatious or that its being granted would have substantially prejudiced the defendant. Accordingly, the trial court should have granted the motion.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

HEIPLE and SCOTT, JJ., concur.