THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JON JONES, Defendant-Appellee.

Fifth District    No. 5—88—0140

Opinion filed August 31, 1989.

184

John Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Finch & Karraker, P.C., of Anna, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

This appeal arises from matters involving three separate informations filed against the defendant Jon Jones. In cause No. 85—CM—382, an information was filed on August 23, 1985, charging the defendant with the August 21, 1985, batteries of two individuals. Jon Jones pled guilty to the charges and was placed on supervision for a

period of 24 months, said period to terminate on August 23, 1987.

In cause No. 87—CM—10 the State on January 12, 1987, filed an information charging the defendant with the January 11, 1987, offenses of driving under the influence in Carbondale, Illinois, battery and aggravated battery. Trial in the matter was scheduled for April 13, 1987. Motion for continuance was filed by the defendant April 13, 1987. The State filed a similar motion on April 14, 1987, contending that a witness was scheduled for surgery that date. Subsequently on May 7, 1987, the State filed a motion to continue the case beyond the May 11, 1987, trial setting. The State alleged in support of its motion that it recently learned that it would be held to trial in another case, before Judge Howerton, which was set on March 11, 1987, for May 11, 1987, and that it had an out-of-town witness who had been notified in that case. The State's Attorney further alleged that he was assigned to try both cases and would be unable to try them concurrently.

On Monday, May 11, 1987, Judge Watt advised the parties that Judge Howerton told him that he would allow the State to try the Jon Jones case first. Judge Watt thereupon denied the State's motion for continuance. The assistant State's Attorney informed the court that he was not notified that the Jon Jones case was to be tried first; that he was prepared to try the other case today and not the Jones matter; and that he had notified no witnesses in the Jones case for today. Defense counsel asserted that another State's Attorney could have taken over the case, to which the State's Attorney replied that none of the other assistants were available. The State opined that it would have to nol-pros the case, whereupon the court advised the State that it would need the court's concurrence to do that, and the court was not going to consent to a *nolle prosequi*. The court then denied the State's motion for continuance. The docket entry of May 11, 1987, reads, "Court dismisses case based on *People v. Lawson*." (*People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.) The State did not appeal the court's order of dismissal.

On August 21, 1987, the State filed a petition to revoke supervision alleging that on January 11, 1987, the defendant committed the offense of driving under the influence while driving in Carbondale, Illinois. Defendant filed a motion to dismiss, claiming that the revocation was precluded by the doctrine of collateral estoppel, where the predicate driving under the influence offense had been dismissed in cause No. 87—CM—10 and the State did not perfect an appeal therefrom. The trial judge granted the motion to dismiss.

In a third cause, case No. 87—CF—281, the State filed an infor-

mation on August 28, 1988, charging the defendant with the January 11, 1987, offenses of aggravated battery and driving under the influence. Defendant filed a motion to dismiss on the ground that the State was estopped from refiling the charges where it did not appeal from the order of dismissal, which was based on a finding that a continuance would result in a due process violation under *People v. Lawson.* The trial judge granted the motion to dismiss upon a finding that "the information in this case, and the prosecution sought to be commenced thereby, is barred by virtue of the order dismissing said case No. 87—CM—10 upon the authority of *People v. Lawson.*" The State filed its notice of appeal in cause Nos. 85—CM—382 and 87—CF—281 on March 8, 1988.

The issues for our review are: (1) in No. 87—CF—281, whether following dismissal of the original charges upon denial of its motion for continuance, the State was entitled to refile without appealing the dismissal order, and (2) in No. 85—CM—382, whether assuming the State was precluded from refiling the charges, it could file a petition to revoke supervision in another case, based upon those offenses.

With regard to the first issue, the defendant first raises the argument that the State failed to perfect an appeal of dismissal of the first prosecution (cause No. 87—CM—10) within the 30-day period permitted by Supreme Court Rule 606 (107 Ill. 2d R. 606). Defendant contends that the State's failure to perfect an appeal operated to bar review of the dismissal of the first prosecution in this case and operated to bar the refiling of the charges. Defendant argues that dismissal of the first prosecution was appealable by the State pursuant to Supreme Court Rule 604(a)(1). Under that rule the State may appeal, *inter alia,* from an order suppressing evidence or "from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963." (107 Ill. 2d R. 604) Section 114—1 (Ill. Rev. Stat. 1983, ch. 38, par. 114—1) lists grounds on which a charge may be dismissed, but only by way of a pretrial motion.

The dismissal here did not fall within any of the grounds listed in section 114—1. The State's right to appeal is not limited, however, to those orders specifically listed therein. Any order that has the effect of dismissing the charges against the defendant is also appealable by the State. (*People v. Dellecarto* (1978), 67 Ill. App. 3d 490, 495, 384 N.E.2d 902, 906; see also *People v. Boyt* (1985), 109 Ill. 2d 403, 411, 488 N.E.2d 264, 268.) In *People v. Lawson* (1977), 67 Ill. 2d 449, 455, 367 N.E.2d 1244, 1247, our Illinois Supreme Court recognized that

Rule 604(a) was not meant to reduce the State's right of appeal from a dismissal to only the grounds set forth in section 114—1 but also to include those instances where the substantive effect would be a dismissal of the charge. It has been held as being consistent with Rule 604(a) that an order dismissing a criminal charge should be treated as appealable unless the trial court has indicated that further proceedings are contemplated. *People v. Harris* (1979), 68 Ill. App. 3d 12, 15, 385 N.E.2d 789, 792.

Case law indicates that where the trial court gives the State a specific period of time to file an amended charge or orders that the defendant be held on bond pending further proceedings, the intent to dismiss the charge is negated by the court's contemplation of further proceedings, and thus such an order is not appealable. (*People v. Scholin* (1975), 62 Ill. 2d 372, 373, 342 N.E.2d 388, 389; *People v. Heddins* (1977), 66 Ill. 2d 404, 406, 362 N.E.2d 1260, 1261.) The docket entry showing the court's order of dismissal in cause No. 87—CM—10 reads, "Court dismisses case based on *People v. Lawson.*" There is no indication on the face of the order that the court contemplated further proceedings in the matter. Also, review of *Lawson*, which the court referenced, does not suggest that *Lawson* was cited for the proposition that further proceedings in the case were anticipated by the judge. From a review of the record, the court's concern that the State was not prepared for trial in defiance of the judge's setting of the trial date with notice to the parties in advance of trial was readily apparent. In light of the record and the holding of *People v. Lawson*, we can only assume *Lawson* was cited for that opinion's holding that the trial court has inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due process. (See *Lawson*, 67 Ill. 2d at 455, 367 N.E.2d at 1246.) It is clear to this court that the trial court by its order did not contemplate further proceedings in that cause.

Defendant relies on *People v. Quintana* (1967), 36 Ill. 2d 369, 223 N.E.2d 161, in reasoning that the unappealed dismissal order was *res judicata*, thus barring the State from refiling the charges against defendant. In that case the defendant Quintana was found guilty of unlawfully selling narcotics. The sale upon which conviction was based was alleged to have occurred September 11, 1963. Defendant was not arrested until September 17, 1964, even though defendant's testimony indicated he had lived at the same address, worked at the same employment and had not left the city between September 1963 and September 1964. The trial court granted defendant's motion for immediate discharge on grounds that the prearrest delay of one year so

prejudiced defendant in preparing his defense as to violate his constitutional right to a speedy trial and due process. The State did not appeal the court's order, but instead secured an indictment charging defendant with the same offense. The trial court denied defendant's motion for discharge. The case proceeded to verdict and judgment. On appeal the trial judge's denial of defendant's motion attacking the second prosecution on *res judicata* grounds was reversed.

Defendant in the instant case attempts to analogize *Quintana* to the circumstances of the case at bar. Defendant argues that the trial judge in defendant's case dismissed the cause on constitutional grounds by reference to *People v. Lawson.* The first dismissal in *Quintana* similarly was founded on constitutional grounds. Since the court in *Quintana* held that a redetermination of the correctness of the first ruling was improper, defendant argues that the State herein should be barred from refiling the charges against defendant where a dismissal order based on constitutional grounds was previously granted. Defendant also cites *People v. McBride* (1983), 114 Ill. App. 3d 75, 448 N.E.2d 551, which adhered to the general rule that the State's failure to appeal, or abandonment of an appeal, constitutes a bar to further consideration of the propriety of the trial court's ruling by another judge of that court in a later proceeding.

Defendant's reliance on *Quintana, McBride* and similar cases is misguided. The cases cited by defendant involve discharge of the defendant on grounds of constitutional violations of the speedy trial requirement (*Quintana*, 36 Ill. 2d 369, 223 N.E.2d 161); suppression of a statement on grounds that it was obtained as a proximate result of defendant's illegal arrest and detention (*McBride*, 114 Ill. App. 3d 75, 448 N.E.2d 551); and quashing of a search warrant and suppression of evidence (*People v. Taylor* (1971), 50 Ill. 2d 136, 277 N.E.2d 878). The common thread woven among these cases is that they all emanate from orders grounded in constitutional roots. Granted, the trial court's ruling in the case at bar stated that it was based on *Lawson*, which the defendant, and arguably the trial court, presupposed was authority for a dismissal of the case where defendant's constitutionally protected due process rights had been violated. We must consider, however, whether the trial court had authority to enter an order of dismissal in the first case.

■ It is clear that the circuit court may dismiss criminal charges before trial only when so authorized by supreme court rule, or statute, or when there has been a clear denial of due process. (*People v. Lawson* (1977), 67 Ill. 2d 449, 456, 367 N.E.2d 1244, 1246.) In the instant case the State was faced with a precarious situation. Having a

felony trial scheduled for the same day as the Jon Jones trial, and having been told by the judge presiding over the felony case that the case set for trial before him would be heard notwithstanding the State's conflict with the Jon Jones case, the State acted upon what it perceived to be its only alternative: filing a motion to continue the Jones trial. In addition, the State explained that it had not filed the motion to continue sooner because it was thought that settlement negotiations in the felony case had been entered into, when in fact said negotiations proved unfruitful.

■ Whether to grant or to deny a motion for continuance is within the sound discretion of the trial court, and the diligence shown by the movant is to be considered in weighing the exercise of discretion. (Ill. Rev. Stat. 1981, ch. 38, par. 114—4(e); *People v. Verstat* (1983), 112 Ill. App. 3d 90, 97, 444 N.E.2d 1374, 1380.) The trial court's decision to grant or deny a continuance will not be disturbed on review absent a showing of a clear abuse of discretion. See *People v. Elder* (1987), 162 Ill. App. 3d 417, 515 N.E.2d 413.

■ In the case at bar, the defendant did not claim that the continuance, if granted, would have impeded his statutory or constitutional right to a speedy trial. Defendant argued to the trial judge that he lives, works and attends school in St. Louis, yet he has never failed to be present at court when his appearance was required. Defendant in his brief on appeal cites instances of alleged prosecutorial misconduct regarded as violative of due process, in support of his argument that the court properly dismissed the case. Instances of such misconduct include the: (1) State's failure to comply with discovery until defendant's motion to compel was argued; (2) State's failure to file an amended information prior to the third pretrial conference; (3) State's failure to file jury instructions at third pretrial conference despite scheduling order; (4) State's continuance of April 13 trial date due to a witness' surgery; and (5) State's filing of additional discovery six days prior to trial date. We are not convinced that these incidents were sufficient to warrant a dismissal of the case under the facts and circumstances as they existed at the time of the request for continuance. Defendant was not in custody, and the charges against him had been instituted no more than four months prior to the trial court's dismissal of the case.

Circuit courts have the authority to protect the legitimate rights of defendants by enforcing the terms of the speedy trial acts (*People v. Rudi* (1984), 103 Ill. 2d 216, 222, 469 N.E.2d 580, 583) and invoking the court's inherent authority to guarantee each defendant a fair trial. (*People v. Lawson*, 67 Ill. 2d 449, 456, 367 N.E.2d 1244, 1247.)

These powers enable the trial court to protect defendants' rights, maintain respect for its calendar, and satisfy the public's interest in the fair and efficient prosecution of the criminally accused. *People v. Rudi*, 103 Ill. 2d at 222, 469 N.E.2d at 583.

Although the prosecution could be faulted for failure to keep more control over its docket, dismissal of the case is an extreme sanction against the public where it has not been shown that the request for continuance was vexatious or that it was the result of the movant's lack of diligence. (See *People v. Rudi*, 103 Ill. 2d at 222-23, 469 N.E.2d at 583.) In light of section 114—4(e) (Ill. Rev. Stat. 1983, ch. 38, par. 114—4(e)), which provides that "[a]ll motions for continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant," we believe the State's motion for continuance was a reasonable request, that due diligence was shown, and that the motion should have been granted.

Furthermore, it has been held that any time a court denies the State's motion for continuance there is an attendant finding that there has been a failure to use due diligence in pursuing a prosecution, and if that finding is not expressed, it must be implied. (*People v. Taylor* (1985), 131 Ill. App. 3d 766, 769, 476 N.E.2d 19, 21.) Section 114—4(e) provides in its second paragraph that after a hearing has been held on the State's diligence, and a lack of diligence is found, the court may not dismiss an indictment or information without granting one more court date upon which the prosecution may proceed, such date to be not less than 14 nor more than 30 days from the date of the court's finding. Since the prosecution of the case in issue was commenced less than one year prior to the order of dismissal upon the State's motion for continuance, the court was required to grant one more court date for the State to commence its prosecution, that date to be within the 14- to 30-day time period provided in section 114—4(e). (See *People v. Taylor*, 131 Ill. App. 3d at 768, 476 N.E.2d at 21.) We hold that the trial court erred in not granting the State a continuance.

■■■ The next claim of error is the trial judge's refusal to allow the State's motion to nol-pros after the court denied the State's motion for continuance. A motion to nol-pros a charge must be allowed unless it is part of a vexatious or repetitious course of conduct directed against the defendant. (*People v. Verstat* (1983), 112 Ill. App. 3d 90, 444 N.E.2d 1374.) The authority of the prosecution to nol-pros extends through all phases of the trial procedure. (*People v. Davies* (1985), 136 Ill. App. 3d 212, 214-15, 483 N.E.2d 435, 437.) While the

trial court may have been angered by the State's motion for continuance, the trial judge acted improperly in refusing to allow the State's motion to nol-pros, since there was no showing that the prosecution's actions were capriciously or vexatiously repetitious. *People v. Davies,* 136 Ill. App. 3d at 215, 483 N.E.2d at 437.

Once a *nolle prosequi* has been entered, it is well settled that neither double jeopardy nor equitable estoppel will bar future prosecution of an offense nol-prossed before jeopardy attached. (*People v. Mooar* (1981), 92 Ill. App. 3d 852, 853, 416 N.E.2d 81, 83.) Defendant contends that reinstatement of the charges against him is barred via the doctrine of *res judicata.* We find, however, authority that a dismissal prior to jeopardy does not support a claim of *res judicata.* Similarly, the principle of collateral estoppel is not applicable for we do not have a case where jeopardy attached. *People v. Jackson* (1971), 132 Ill. App. 2d 1059, 1064-65, 271 N.E.2d 673, 677.

Reinstatement of the charges under the new information does not violate the constitutional guarantee that "[n]o person shall *** be twice put in jeopardy for the same offense." (Ill. Const., 1970, art. I, §10; see also U.S. Const., amend V.) The constitutional prohibition protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; (3) multiple punishments for the same offense. (*North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072; *People v. Young* (1983), 116 Ill. App. 3d 984, 989, 452 N.E.2d 718, 721.) The interests protected by the double jeopardy clause are not threatened in this case.

We next ask, where the trial court abused its discretion in denying the State's motion for continuance and in refusing to allow the motion to nol-pros, was the State barred from refiling the charges without having appealed the unauthorized orders? We believe that the State's primary authority, *People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8, and its progeny *People v. Rudi* (1984), 103 Ill. 2d 216, 469 N.E.2d 580, control this issue.

In *People v. Deems* the State conceded that the defendant's charge of receiving stolen property was improper. The State moved to dismiss so that it could bring a new charge for theft. The court likened the State's motion to a motion for continuance and found that the defendant was entitled to go to trial on the charge if he were prepared to do so. The case was called for trial, and the State did not participate. The court found the defendant not guilty of receiving stolen property. The State then filed a theft charge. On defendant's motion the court dismissed the charge on double jeopardy grounds.

On appeal the supreme court reversed the dismissal, finding that the defendant had not been subjected to jeopardy since the "trial" was a sham. The court found the "trial" was a mere artifice employed by the judge to achieve the result of a dismissal with prejudice for want of prosecution which *People v. Thomas* (1975), 24 Ill. App. 3d 907, 322 N.E.2d 97, held he lacked authority to order. In *People v. Rudi*, the supreme court once again found that the "trial" conducted by the trial judge was a sham proceeding. In that case the court of review focused its attention on whether the trial court had properly denied the State's motion to dismiss the charges.

Here, as in *Deems* and *Rudi*, the trial court dismissed the case against the defendant. Defendant in the case on appeal argues that the trial judge, unlike those in *Rudi* and *Deems*, did not conduct a sham "trial" or attempt to hide a proper dismissal order behind a judgment of acquittal. Defendant reasons that the trial judge's finding was based on the record and was clearly in accord with due process, and that since the facts are substantially dissimilar to *Rudi* and *Deems*, defendant argues they are inapplicable. We disagree. Although "trials" were conducted in the cases relied on by the prosecution contrary to the situation in our case, the same result was achieved by the trial judge in the case at bar as in those cases. In this case, rather than conduct a sham trial, the trial judge dismissed the case, stating that the dismissal was based on *Lawson*. Although the trial judge cited *Lawson* as authority for ordering dismissal, we believe the dismissal was in reality imposed as a sanction on the State, which the judge had no authority to order. *People v. Deems*, 81 Ill. 2d 384, 410 N.E.2d 8.

■ The trial judge's action in the first proceeding was, as indicated herein, improper. We direct the circuit court to vacate the order of dismissal and allow the State's motion for *nolle prosequi*. We further direct the trial court to vacate the dismissal orders which are the subject of this appeal, in cause Nos. 85—CM—382 and 87—CF—281. Since in view of our ruling the State is permitted to refile the charges in cause No. 87—CF—281, we need not address the issue raised by the State which was based on the premise that the State was precluded from refiling the charges.

Reversed and remanded.

HARRISON and RARICK, JJ., concur.