(No. 48554.—
(No. 48637.—
(No. 48703.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMES LAWSON, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. PAUL DUNN, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. IRVING McCASKILL *et al.,* Appellees.

*Opinion filed June 1, 1977.—Supplemental opinion filed on denial of rehearing Oct. 17, 1977.*

452

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Fuller & Hopp, of Decatur (Glenn O. Fuller, of counsel), for appellee.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Marshall A. Susler, of Owen, Roberts, Susler & Taylor, of Decatur, for appellee.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Norman J. Fombelle, of Burger, Fombelle, Wheeler & Dvorak, of Decatur (Norman J. Fombelle, of counsel), for appellees.

MR. JUSTICE CLARK delivered the opinion of the court:

On appeal to us, these three cases, *People v. Lawson* (1976), 38 Ill. App. 3d 239, *People v. Dunn* (1976), 38 Ill. App. 3d 251, and *People v. McCaskill* (1976), 37 Ill. App. 3d 1076, were consolidated. In each of the cases the State's Attorney appealed from the judgments of the appellate court. The similar facts are that all the defendants were indicted November 6, 1974, by a Macon County grand jury for unlawful delivery and unlawful possession of a controlled substance under sections 401(b) and 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, pars. 1401(b), 1402(b)). The defendants did not learn of the charges until after the indictments

were returned, and they contended they were prejudiced by the delay between the alleged acts and the indictment.

Defendant James Lawson was indicted for alleged acts occurring November 15, 1973. The trial court, on Lawson's motion, dismissed on the ground that the nearly one-year delay denied him due process. The accused's testimony, in the view of the trial court, supported his allegation of prejudice, that is, inability to remember. The appellate court affirmed with a dissent. In the case of defendant Paul Dunn, the trial court again dismissed and for the same reason. Defendant Dunn's acts allegedly took place February 7, 1974. However, the appellate court reversed and remanded because it felt that Dunn, who had not testified, failed to show actual prejudice in his affidavit.

In the last case, that of James Hicks and Irving McCaskill, Hicks was indicted for an act said to have taken place December 17, 1973. McCaskill's alleged criminal violations occurred January 2 and February 2, 1974. After affidavits alleging inability to recall or reconstruct events were submitted by the two, their cases were consolidated for the purpose of hearing their motions to dismiss. Although defendants Hicks and McCaskill did not testify, the testimony of others in both cases demonstrated prejudice to the satisfaction of the trial court, which dismissed the indictments. Pursuant to Supreme Court Rule 23 (58 Ill. 2d R. 23), the appellate court issued an order affirming the trial court's dismissal.

The State's Attorney objected to the trial court's dismissals, contending that the court could only do so on one of the grounds listed in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 114—1) and not on the basis of a denial of due process. In any event, the State asserted, prejudicial delay or denial of due process was not adequately shown by the defendants. Additionally, the State said in the case of

Hicks and McCaskill that improper evidence was admitted in the form of affidavits which the State could not refute.

The two basic issues in the consolidated cases before us are: (1) whether the trial court has authority to dismiss an indictment, information or complaint on the basis of denial of due process even though that is not one of the grounds listed in section 114—1 of the Code of Criminal Procedure of 1963, and, if so, (2) whether the preindictment delay was so prejudicial as to be a denial of due process.

We are aware of appellate court cases holding that the trial court may not dismiss an indictment for any reason other than the reasons given in section 114—1 of the Code of Criminal Procedure of 1963. (See, *e.g., People v. Shick* (1st Dist. 1968), 101 Ill. App. 2d 377, and *People v. Abel* (3d Dist. 1974), 21 Ill. App. 3d 314.) We are also aware of conflicting appellate court decisions. However, we believe that on the basis of the reasoning of our past decisions and that of the appellate courts and on the basis of the reasoning of the United States Supreme Court, we must conclude that a trial court does have an inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due process even though that is not a stated ground in section 114—1.

*People v. Love* (1968), 39 Ill. 2d 436, has made clear that section 114—1 is not the only basis on which the People must rely when it appeals from a dismissal of an indictment by the trial court. The intent of Rule 604(a) (58 Ill. 2d R. 604(a)) "was *not to reduce* the State's Attorney's right of appeal [from a dismissal] to only the ten grounds set forth in the statute [Ill. Rev. Stat. 1973, ch. 38, par. 114—1], but to include within that right those instances whereby the substantive effect of the judgment would be the dismissal of the indictment, information or complaint." (Emphasis added.) (*People v. Rotramel* (2d Dist. 1972), 5 Ill. App. 3d 196, 198, citing *People v.*

*Love.*) In other words, the grounds for dismissing an indictment under section 114—1 are *not* exclusive. (Those appellate court cases holding that section 114—1 is exclusive, *e.g., Shick* and *Abel,* can be distinguished in that a question of due process was not involved.) Moreover, the trial court has "inherent authority to insure the defendants a fair trial" and may impose sanctions to do so. (*People v. Endress* (4th Dist. 1969), 106 Ill. App. 2d 217, 223.) Because the trial court has the obligation to insure a fair trial, it would seem only reasonable that, where there has been an unequivocally clear denial of due process such as actual and substantial prejudicial delay before an indictment or arrest, the trial court has the inherent authority to dismiss. Due process is a fundamental premise of our system of justice and is constitutionally guaranteed by the fourteenth amendment. It does not need enabling legislation. That would be the effect of our holding if we adopted the State's view.

There is another point to consider: the efficient and effective administration of justice. As *People v. Silverstein* (1st Dist. 1974), 19 Ill. App. 3d 826, *rev'd on other grounds* (1975), 60 Ill. 2d 464, has pointed out, where a denial of due process (in that case a wrongful instruction from the People which resulted in the inability of the defendant to gather evidence) occurs before trial and has not been corrected, then the courts "are not required to engage in futile or useless acts and to proceed to trial" (19 Ill. App. 3d 826, 833); they may dismiss. Otherwise, an appeal for preindictment delay could only be taken in a post-conviction proceeding, as the State has conceded, after a trial on the merits from which a previous appeal might have been taken. Our already burdened court system need not approve a procedure involving a needless waste of judicial resources.

The United States Supreme Court has held that due process under the fifth amendment would require dismissal

if "substantial prejudice" resulting from preindictment delay were shown. *United States v. Marion* (1971), 404 U.S. 307, 324, 30 L. Ed. 2d 468, 481, 92 S. Ct. 455, 465.

Clearly, our holding must not be construed as an invitation to disregard statutory provisions on dismissal. The courts must proceed with restraint and ascertain preindictment denial of due process only with certainty. Such certainty may be ascertainable in a pretrial evidentiary hearing on a motion to dismiss.

Whether the court chooses to determine issues of prejudicial delay in a pretrial hearing or at trial is for it to decide; the fundamental consideration is the competing interests of the defendant and the People.

The State contends that the statute of limitations protects the defendants from prejudice resulting from undue delay; that is, any time passing between the commission of a crime and the indictment, charge or arrest for it, provided the statute has not run, is not delay prejudicing the defendants' fifth amendment right of due process. The State further contends that even if the statute of limitations does not fully protect defendants, they have insufficiently demonstrated prejudice rising from the delay in the cases before us.

There is no doubt that the statute of limitations is an accused's chief safeguard against prejudicial delay between the offense and the arrest or charge. But the "statute of limitations does not fully define [an accused's] rights with respect to the events occurring prior to indictment." *United States v. Marion* (1971), 404 U.S. 307, 324, 30 L. Ed. 2d 468, 480-81, 92 S. Ct. 455, 465.

The defendants maintain they were prejudiced because the delay caused inability to remember and to aid in their defense. Initially, we will clarify two points. First, there is no right to be arrested once an alleged violation has occurred. (*Hoffa v. United States* (1966), 385 U.S. 293, 17 L. Ed. 2d 374, 87 S. Ct. 408.) Government delay

may be necessitated by prolonged investigation. Second, delay before an indictment or arrest does not raise any issue of speedy trial under the sixth amendment. *United States v. Marion* (1971), 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455.

The State's second contention essentially raises the second issue before us in the three cases: Was the preindictment delay so prejudicial as to be a denial of due process?

In 1971, the Supreme Court, in *United States v. Marion*, 404 U.S. 307, 325, 30 L. Ed. 2d 468, 481-82, 92 S. Ct. 455, 466, reversed a district court dismissal for delay in prosecuting because no substantial prejudice "to the conduct of the defense" had been alleged or proved and there had been "no showing that the Government intentionally delayed to gain some tactical advantage over appellees." *Marion* also said that to "accommodate the sound administration of justice to the rights of the defendant to a fair trial will necessarily involve a delicate judgment based on the circumstances of each case." (404 U.S. 307, 325, 30 L. Ed. 2d 468, 481, 92 S. Ct. 455, 466.) Since *Marion*, courts have not consistently applied it. Courts have differed as to whether *Marion* requires a showing of actual prejudice or intentional delay to gain "tactical advantage," or both, or a shifting burden between the defendant (showing prejudice from the delay) and the prosecution (showing reasonableness of the delay). For a survey of Federal cases in this area, see *United States v. Alderman* (D. Md. 1976), 423 F. Supp. 847.

In our review of the cases, we have found that the courts engage in a process which attempts to balance the competing interests of the defendant and the State, although the method of balancing varies among jurisdictions. Certainly the most common characteristic of the various court decisions has been the rejection of the defendants' mere assertion of inability to remember, due

to preindictment or preaccusation delay, as a sufficient showing of actual prejudice or substantial prejudice.

Although the various cases vary on the manner of the determination of prejudice due to preindictment delay, we agree that a delicate judgment by the trial court is necessitated, whether engaged in before, during, or after trial. Where there has been a delay between an alleged crime and indictment or arrest or accusation, the defendant must come forward with a clear showing of actual *and* substantial prejudice. Mere assertion of inability to recall is insufficient. If the accused satisfies the trial court that he or she has been substantially prejudiced by the delay, then the burden shifts to the State to show the reasonableness, if not the necessity, of the delay.

If this two-step process ascertains both substantial prejudice and reasonableness of a delay, then the court must make a determination based upon a balancing of the interests of the defendant and the public. Factors the court should consider, among others, are the length of the delay and the seriousness of the crime.

In the three cases before us, only self-serving statements or assertions were made. Lawson testified that he unsuccessfully made diligent efforts later to reconstruct events at the time of the alleged violation by interviewing associates at work and officials of his union and by checking records of the union to determine if he had been on a picket line. However, the essence of his testimony was assertive rather than demonstrative and shows less than the facts of similar cases which have found no prejudice. McCaskill and Hicks established even less. Relatives testified and could recall nothing to aid the defendants, who failed to take the stand. Dunn stated in an affidavit that prejudicial delay existed; nothing more was manifested.

At most, the defendants were able to demonstrate only the possibility of prejudice. That is not enough.

Because no actual and substantial prejudice was

shown, the reasonableness or necessity of the delay by the State need not be ascertained. Therefore, we remand the three causes to the circuit court of Macon County for proceedings consistent with this opinion.

*48554 — Reversed and remanded.*
*48637 — Affirmed and remanded.*
*48703 — Reversed and remanded.*

### Supplemental Opinion on Denial of Rehearing

We file this supplemental opinion to address ourselves to *United States v. Lovasco,* 431 U.S. 783, 52 L. Ed. 2d 752, 97 S. Ct. 2044, decided by the United States Supreme Court on June 9, 1977.

The State, in its petition for rehearing, suggests that *Lovasco* establishes a more restrictive standard for the determination of a due process violation, the result of prejudice from preindictment delay, than does our decision in this case. We do not read *Lovasco* quite so narrowly. *Lovasco* holds "that to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." (431 U.S. 783, 796, 52 L. Ed. 2d 752, 763, 97 S. Ct. 2044, 2052.) Our decision is clearly consistent in that not just any prejudice but actual *and* substantial prejudice must be shown by the defendant before the inquiry turns to the reasons for a delay between an alleged crime and an indictment. This is not an easy burden. *E.g., United States v. Barket* (8th Cir. 1976), 530 F.2d 189, 196 (where the court of appeals held that the district court "was not clearly erroneous" in finding that the defendant had been substantially prejudiced by a 47-month delay during which time six possible witnesses had died).

*Lovasco* also states that *United States v. Marion* (1971), 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455

"makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." (431 U.S. 783, 790, 52 L. Ed. 2d 752, 759, 97 S. Ct. 2044, 2049.) We require the trial court to engage in this inquiry by balancing the actual and substantial prejudice to the defendant with the reasonableness of or reasons for the delay. The State apparently believes prejudice and unreasonableness of the delay are two elements which must be proved by the defendant to establish a due process claim. We, of course, do not require that—nor does *Lovasco*. The court's conduct of the inquiry requires the defendant to come forward with a clear demonstration of actual and substantial prejudice before the State presents a showing of reasonableness. The court then balances the competing interests. This is consistent with the *Lovasco* requirement of a demonstration of prejudice to the defendant and an inquiry into the reasonableness of the delay.

What *Lovasco* has settled is that prejudice to the defendant is necessary but not sufficient, in itself, to establish a violation of due process for preindictment delay. More is required: an inquiry into the reasons for the delay. We are in accord.