THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
FENIX SHIELDS, Defendant-Appellee.

First District (4th Division)   No. 77-555

Opinion filed May 11, 1978.

ROMITI, J., dissenting.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kenneth T. McCurry, and Margaret K. Stanton, Assistant State's Attorneys, of counsel), for the People.

Abrams, Mix & London, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The State brings this appeal under Illinois Supreme Court Rule 604(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)).

The sole issue presented for review is whether or not the trial court improperly dismissed the indictment against the defendant, Fenix Shields.

The defendant was indicted by the Cook County Grand Jury for the offenses of aggravated battery and attempt murder. On December 2, 1976, the fifth time the case was up for trial, the trial court granted a motion to dismiss the indictment, made by the defense attorney, after a pretrial conference with the defendant and the alleged victim, the defendant's brother-in-law. In granting the motion to dismiss, the trial court noted:

"The Court: There was a conference; and in the conference, the parties themselves agreed as to what the matter should—how the matter should be disposed of, because they wanted to save a family relationship between a brother-in-law and his wife and sister and the whole family.

And if the State had one ounce of compassion in their system, they would proceed to comply with the court's instructions instead of wasting the court's time on an absolutely stupid matter."

■■ The State's Attorney contends this dismissal is in violation of (Ill. Rev. Stat. 1975, ch. 38, par. 114—1), which section enumerates the grounds for dismissing an indictment prior to trial. Although the prosecution has cited the case of *People v. Lawson* (1977), 67 Ill. 2d 449, it has misconstrued the principle of law enunciated by our supreme court. As the court said in *Lawson* (67 Ill. 2d 449, 455):

"However, we believe that on the basis of the reasoning of our past decisions and that of the appellate courts and on the basis of the reasoning of the United States Supreme Court, we must conclude that a trial court does have an inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due process even though that is not a stated ground in section 114—1."

■■ In the instant case the defendant demanded trial and the State was not ready to proceed, because the complaining witness had decided not to testify for the State against his own brother-in-law. The defense had answered ready for trial and the State by its own admission did not have any other witnesses prepared to testify against the defendant. The only eyewitness was the complainant; the police and medical personnel arriving on the scene after the incident. For the trial court to continue the case where the complaining witness was unwilling to testify would be illogical. There is no indication in the record the State would be able to proceed at a future date, so a repeated continuance of the case would deny the defendant the right to a prompt trial. This is a denial of due process. The trial court was correct in dismissing the indictment against the defendant and for the State to attempt to continue the hearing to another date appears to be an attempt to coerce the complaining witness into changing his mind and testifying against the defendant. We think it is imperative the inherent power and authority of the trial court be preserved.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County dismissing the indictment is affirmed.

Affirmed.

JOHNSON, P. J., concurs.

Mr. JUSTICE ROMITI, dissenting:

I respectfully dissent.

Defendant concedes that no statutory grounds for dismissal are applicable to this case. (Ill. Rev. Stat. 1975, ch. 38, par. 114—1.) He relies instead on an allegation of denial of due process which I believe to be totally without support in the record.

*People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, did establish the inherent authority of a trial court to dismiss an indictment where there has been a clear showing of denial of due process. But in *Lawson* the court specifically found that in the three cases it was reviewing there had been no actual prejudice shown, only the possibility of prejudice. This mere possibility was deemed insufficient to establish a violation of due process which would permit dismissal of the indictments. In the case at bar there has been absolutely no showing of a denial of due process. At best there is speculation by the defendant that the State sought a continuance in order to induce the alleged victim to testify. We need not decide whether this would constitute a denial of defendant's due process rights, for there is no basis in the record for the speculation. The State indicated only that it had other witnesses, besides the alleged victim, which it intended to call and they were not available at that time. These witnesses included the doctor who examined the witness after the incident and several police officers. We have no evidentiary basis for evaluating defendant's claim that these witnesses were not eyewitnesses. Nor can we determine whether the State would have been able to prove its case without the testimony of the victim. We do note, however, that in answer to discovery the State indicated it had an oral statement from the defendant. In any event, these are matters of proof for trial. The State merely indicated that it was not ready for trial as it did not have these witnesses available at that time. The case had only been before the trial court on three prior occasions. Since defendant's arraignment on June 30, 1976, he had continued the matter twice, the State continued it once, and there was one continuance by agreement to December 2, 1976, the date of dismissal. At no time during the proceeding on that date did defendant indicate he was ready for trial. Indeed, he never indicated that he was waiving his right to a jury trial. Under these circumstances I find no support for the majority's suggestion that in seeking a continuance the State was attempting to coerce the victim to testify against the defendant.

It would be well to consider the cautionary language of the *Lawson* court:

> "Clearly, our holding must not be construed as an invitation to disregard statutory provisions on dismissal. The courts must proceed with restraint and ascertain * * * denial of due process with only certainty. Such certainty may be ascertainable in a

pretrial evidentiary hearing on a motion to dismiss." (*Lawson*, 67 Ill. 2d 449, 457, 367 N.E.2d 1244, 1247.) In this cause no evidentiary hearing was held at all, nor is there any indication that the trial court based its dismissal on a finding of a violation of due process. The court apparently dismissed this action because the alleged victim was the brother-in-law of the defendant and they had agreed to a money settlement for hospital bills. But this was not a civil action between private parties. This was a criminal matter, brought by the State on behalf of the people of Illinois charging the defendant with violating the laws of the State by stabbing a man with a knife. The State was a party to this action and the public safety and welfare were involved, not just considerations of family harmony. (*People v. Guido* (1973), 11 Ill. App. 3d 1067, 297 N.E.2d 18.) For these reasons, I believe the order of the trial court should be reversed and the cause remanded for proceedings consistent with that determination.