THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JUAN R. MARTINEZ, a/k/a Antonio Benavides, Defendant-Appellee.

Third District No. 3—91—0021

Opinion filed June 29, 1992.—Rehearing denied August 14, 1992.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Scott R. Guido, of Gary L. Gearhart & Associates, of La Salle, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

On July 18, 1990, defendant Juan Martinez was charged with having committed offenses of unlawful delivery of heroin and cocaine on April 19 and May 30, 1989, respectively, in violation of sections 401(c) and 401(b)(2) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, pars. 1401(c), (b)(2)). Defendant pleaded not guilty, and filed motions to dismiss the charges and to quash his arrest and suppress his statement on grounds that the State unreasonably delayed filing charges and that his warrantless arrest more than a year after the bases for the charges were known to the arresting officer was illegal. After hearing the motions, the circuit court of Rock Island County denied the motion to dismiss but granted defendant's motion to quash and suppress. The State perfected this appeal. For reasons that follow, we reverse.

The evidence admitted at the hearing on defendant's motion to dismiss tends to establish that defendant proposed to use an alibi defense. Defendant was able to provide his attorney with identities of three witnesses who could vouch for his whereabouts on April 19, 1989, and two who could vouch for him on May 30, 1989. According to defendant, there were other witnesses, but he had been unable to locate them. The court determined based on this evidence that defendant had failed to prove prejudice by the State's delay in charging the offenses and denied the motion to dismiss. The propriety of that ruling is not before us in this appeal.

The State then presented evidence relative to the legality of defendant's arrest in response to defendant's motion to quash. Officer

John Hutcheson testified that he purchased drugs from defendant on April 19 and May 30, 1989. At the time, Hutcheson said he believed defendant's name to be Juan Martinez, but he was not certain. The name defendant used in his transactions with Hutcheson was "Cavao." The van defendant drove was registered in the name of Juan Martinez, but a police computer check of that name revealed that several "Juan Martinezes" resided in the Quad-Cities area. Hutcheson checked at the two addresses he obtained on the vehicle registration records, but he could not locate defendant at either residence. The unlisted telephone number that Hutcheson had used to set up the buys was disconnected. Hutcheson was unable to find a photograph of defendant among mug shots at the Davenport, Iowa, Rock Island and Moline police stations. Hutcheson testified that he refrained from swearing out an arrest warrant on defendant because he did not know defendant's date of birth, was unsure of his true name, and did not wish to risk arresting the wrong "Juan Martinez."

Subsequent to Hutcheson's purchases, in late 1989 or early 1990, his status as an undercover agent in the Quad-Cities area was exposed. Hutcheson testified that he spoke with fellow officers and learned that defendant was playing in a band in a Davenport tavern. However, Hutcheson and other officers checking periodically at taverns were not successful in finding him. Finally, in July 1990, acting upon information that defendant might be driving a certain van, Hutcheson drove to a Moline residence where he spotted the van which was registered to Juan Martinez. Hutcheson observed defendant pull up in another car and enter the residence. Hutcheson requested back-up assistance and waited until defendant walked out on the sidewalk. Hutcheson called "Cavao," and defendant walked up, shook Hutcheson's hand and asked where he'd been. Hutcheson announced that he was a police officer and arrested defendant.

Based on the foregoing testimony, defense counsel argued that the warrantless arrest was illegal because there were no exigent circumstances and Hutcheson had ample time to procure a warrant. In the court's memorandum opinion, the court noted that Hutcheson could have arrested defendant on April 19 or May 30, 1989, and his failure to do so was unexplained. The court further noted that a social security number and address are not needed to swear out an arrest warrant. The court opined that since Hutcheson did not apply for a warrant, perhaps he was not certain of defendant's identity. The court, accordingly, granted defendant's motion to quash his arrest and suppress his subsequent statement.

In this appeal, the State persuasively argues that defendant's warrantless arrest was based on probable cause and that the trial court improperly applied a due process analysis in ruling on defendant's motion to quash and suppress. Defendant seeks to sustain the trial court's ruling primarily on grounds neither placed in issue at the trial court level nor relied upon by the court in its memorandum opinion and order.

Initially, we reject defendant's contention that the trial court's grant of defendant's motion to quash can be sustained on the ground that Officer Hutcheson was an employee of an Iowa police department and had no jurisdiction to make the Illinois arrest. There is no factual basis for this argument because Hutcheson's employer at the time of the arrest is not a matter of record.

■ Similarly, we reject defendant's contention that lack of "exigent circumstances" at the time of defendant's arrest justifies the court's ruling. While it is true that exigent circumstances or consent must be found to support warrantless entries based on probable cause when police enter private residences to make an arrest (see, *e.g., Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371; *People v. Calhoun* (1984), 126 Ill. App. 3d 727, 467 N.E.2d 1037; *People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543), no such exigency need be proved when a defendant is arrested in a public place. *United States v. Watson* (1976), 423 U.S. 411, 46 L. Ed. 2d 598, 96 S. Ct. 820; see also *State v. Tipton* (1980), 206 Neb. 731, 294 N.W.2d 869 (applying *Watson* to warrantless arrest in apartment building hallway).

The Supreme court in *Watson* squarely held that "the Fourth Amendment permits a duly authorized law enforcement officer to make a warrantless arrest in a public place even though he had adequate opportunity to procure a warrant after developing probable cause for arrest." (423 U.S. at 427, 46 L. Ed. 2d at 611, 96 S. Ct. at 829.) (Powell, J., concurring.) In explaining its holding, the court stated:

> "[A] constitutional rule permitting felony arrests only with a warrant or in exigent circumstances could severely hamper effective law enforcement. Good police practice often requires postponing an arrest, even after probable cause has been established, in order to place the suspect under surveillance or otherwise develop further evidence necessary to prove guilt to a jury." 423 U.S. at 431, 46 L. Ed. 2d at 613, 96 S. Ct. at 831. (Powell, J., concurring.)

■■ ■ The trial court's decision to grant defendant's motion to quash his arrest and suppress subsequent statements in this case was grounded in sixth amendment principles of due process. It is readily apparent from the record that the court improperly held the State to a burden of proving lack of prejudice to the defendant as a result of the 14-month pre-arrest delay.

In preliminarily ruling that defendant had failed to prove actual prejudice in support of his motion to dismiss, the court properly relied on *People v. Lawson* (1977), 67 Ill. 2d 449, 459, 367 N.E.2d 1244, 1248. *Lawson* requires defendant to make a "clear showing of actual *and* substantial prejudice" emanating from the delay. (Emphasis in original.) (67 Ill. 2d at 459, 367 N.E.2d at 1248.) The *Lawson* court noted that this is not an easy burden, and only when this burden is borne to the court's satisfaction does the State have to show good reason or necessity for the delay.

In this case, the only possible prejudice shown by defendant was that he had been unable to locate additional potential witnesses in support of his alibi defense. The court ruled that defendant's testimony in this regard failed to prove actual and substantial prejudice. See *People v. Ojeda* (1980), 91 Ill. App. 3d 723, 414 N.E.2d 1156 (trial court's denial of motion to dismiss affirmed on substantially similar testimony).

As aforesaid, after denying defendant's motion to dismiss on due process grounds, the court moved on to consider defendant's motion challenging the legality of his warrantless arrest. The State properly went forward with evidence showing that Hutcheson had probable cause to believe that defendant had committed felonies in April and May 1989, and that he was arrested on a public street in July 1990.

■■ By our view, once the due process question was resolved, the pre-arrest delay was no longer a factor bearing on the legality of defendant's warrantless arrest. To resist the motion to quash and suppress evidence, the State was required to prove only that Hutcheson had "reasonable grounds to believe that [defendant was] committing or [had] committed an offense" (Ill. Rev. Stat. 1987, ch. 38, par. 107—2(1)(c)) and that the arrest did not otherwise offend defendant's constitutional right to be free from unreasonable search and seizure.

■■ We find that the trial court erred by focusing on the State's proffered testimony relative to the pre-arrest delay, instead of probable cause. The evidence clearly established that defendant's warrantless arrest was based on statutory probable cause and was not otherwise violative of the fourth amendment. The record before us provides no basis for finding that probable cause diminished or dissi-

pated during the 14-month pre-arrest delay. Accordingly, we reverse the order of the court granting defendant's motion to quash his arrest and suppress his statement and remand this cause for further proceedings.

The judgment of the circuit court of Rock Island is reversed. Cause remanded.

Reversed and remanded.

STOUDER and HAASE, JJ., concur.