THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RUDY A. HUNT, Defendant-Appellee.

Third District   No. 3—93—0595

Opinion filed March 30, 1994.

Greg McClintock, State's Attorney, of Monmouth (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Barash, Stoerzbach & Henson, of Galesburg (Paul L. Mangieri, of counsel), for appellee.

JUSTICE LYTTON delivered the opinion of the court:

The People of the State of Illinois appeal from an order of the circuit court of Warren County granting defendant Rudy A. Hunt's motion to bar prosecution of a battery charge. We reverse and remand.

Hunt was arrested and charged with a misdemeanor offense of battery on July 1, 1992. After posting bond of $1,000, he entered a plea of not guilty and filed a demand for a jury trial. The cause was continued by agreement of the parties on September 28, 1992, and was again continued, this time at defendant's request, on November 9, 1992. On February 12, 1993, the case was placed on the jury calendar.

Defendant then filed a motion to bar prosecution, alleging that he had entered into an agreement with the Multi-County Drug Enforcement Group (MEG), whereby, in exchange for defendant working as a confidential informant, MEG would recommend that, if defendant entered a guilty plea to the battery charge, the State would recommend no jail time at sentencing. Defendant further alleged that he did assist MEG in the investigation and prosecution of some drug cases by working as a confidential source. Subsequently, a second agreement was allegedly reached in which Deputy Sheriff Charles Shirey, representing MEG, promised defendant that in exchange for further cooperation in the prosecution of drug cases, the battery charge would be dismissed. Defendant finally alleged that, although he complied with the terms of the agreement, the State refused to dismiss the charge.

According to an agreed statement of facts filed herein, at the hearing on defendant's motion he testified that he initially accomplished two controlled "buys" of marijuana in accordance with the first agreement with MEG. He further testified that, during a telephone conversation with Deputy Shirey in July or August of 1992, he was told that further cooperation with MEG leading to seizure of a marijuana field would result in Shirey getting "the charges dropped and more."

Charles Sage, Jr., another MEG agent, testified on behalf of defendant to the conversation between Shirey and defendant. He confirmed that Shirey told Hunt that, in exchange for defendant obtaining the seizure of the marijuana field, he would "get the charges dropped and more."

Deputy Shirey testified for the State that he had talked to defendant by telephone and defendant had asked if the battery charge could be dismissed, but Shirey denied promising to dismiss the charge. Shirey said he told Hunt the battery case was not his and defendant would have to talk to police officers from the City of Monmouth. Shirey also testified that defendant did cooperate with further drug investigations including the seizure of the marijuana field.

At the conclusion of the hearing, the trial court ruled that an implied agreement existed between defendant and the State which

provided that the battery charge would be dismissed in exchange for defendant's cooperation in the identification and seizure of a marijuana field. The court expressly found that the agreement "did not arise from any express statements of Mr. Charles Shirey."

■ We agree with the State that the trial court erred in finding the existence of an implied agreement. According to Shirey, he refused defendant's offer of an agreement, saying he had no authority to obtain a dismissal of the battery charge filed by city police. In holding that Shirey made no express agreement to obtain a dismissal of the battery charge, the trial court rejected the contrary testimony of both defendant and Officer Sage.

Apparently, the trial court found the existence of an implied agreement because defendant continued to cooperate with MEG after his conversation with Shirey. We believe such a finding is unwarranted here. Since cooperation with law enforcement authorities is the duty of every citizen, defendant's conduct was not somehow uniquely indicative of an implied contract to reward him by dismissing a pending, unrelated charge.

Defendant argues that, under the law of implied contract, the State received the benefit of defendant's efforts and was thus unjustly enriched. Since the record contains no facts to indicate what defendant did to help MEG, we are unable to assess the amount of risk or effort involved on defendant's part. If we were to say that cooperation with a police investigation gives rise to an implied agreement to dismiss other charges, particularly where a police officer had refused to make an explicit agreement, we would open the door to spurious claims that defendants are entitled to have charges reduced or dismissed in return for cooperation with police. We conclude that the trial court's finding of an implied agreement to dismiss the battery charge was manifestly erroneous.

Additionally, defendant argues that an enforceable contract should be found and the battery charge dismissed because he has been prejudiced by the deprivation of his constitutional rights. Defendant relies upon *People v. Schmitt* (1988), 173 Ill. App. 3d 66, 527 N.E.2d 384, where the defendant, who was arrested for unlawful delivery of cocaine, was allegedly promised that he would not be prosecuted if he confessed to drug trafficking and revealed his drug source. Defendant Schmitt waived his constitutional right to remain silent, confessed, revealed his source and arranged to complete a drug transaction with agents present. After the transaction occurred, the drug supplier was arrested and prosecuted along with Schmitt. The trial court denied Schmitt's motion to dismiss without conducting an evidentiary hearing to determine the content of the alleged

agreement between Schmitt and the law enforcement agents. The appellate court reversed the conviction and remanded for an evidentiary hearing to determine the terms of the agreement and to dismiss the indictment if the agents violated the agreement. Accord *People v. Starks* (1985), 106 Ill. 2d 441, 478 N.E.2d 350.

In *Schmitt* the court observed that a trial court does have an inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due process. (*People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.) By confessing his involvement in the transaction, Schmitt waived his fifth amendment privilege against self-incrimination; further, by completing a drug transaction with his supplier within the hearing of State agents, he waived his right to a meaningful option to plead not guilty and proceed to trial. The reviewing court found that defendant was denied a fair trial when his statements and the fruits of those statements, obtained during the negotiations and cooperation, were used against him at his subsequent trial. Thus he was deprived of due process in a fundamentally unfair manner.

■ We do not find any similar waiver or deprivation of constitutional rights under the facts presented in this case. Defendant Hunt did not make any self-incriminating statements relating to this battery prosecution, and he is not being prosecuted for his participation in the drug transactions. Although he argues that he waived his right to a speedy trial by agreeing to continuances while the drug investigation proceeded, there are no facts in the record to support that contention. Defendant has been out on bond since he was arrested. The date of the alleged agreement with Shirey was July or August of 1992, and the first continuance was granted September 28, 1992. There is nothing in the record to indicate whether the marijuana field had been disclosed before or after that date, and defendant makes no allegations of prejudice resulting from the four months' delay in setting a trial date. We conclude that defendant has not shown a denial of due process which would justify a dismissal of the battery charge.

Therefore, we reverse the order of the circuit court of Warren County and remand this cause for further proceedings.

Reversed and remanded.

BARRY and McCUSKEY, JJ., concur.