THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES M. URICK, Defendant-Appellee.

Second District    No. 2—98—1378

Opinion filed January 26, 2000.

Joseph E. Birkett, State's Attorney, of Wheaton (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Richard A. Kayne, of DiBenedetto & Krejci, P.C., of Clarendon Hills, for appellee.

JUSTICE GALASSO delivered the opinion of the court:

The State appeals from the circuit court's order dismissing an indictment that charged defendant, James M. Urick, with unlawful possession of cannabis (720 ILCS 550/4(d) (West 1996)). The State contends that the trial court erroneously interpreted section 7(b) of the Cannabis Control Act (the Act) (720 ILCS 550/7(b) (West 1996)) as requiring the State to dismiss the indictment and file a juvenile delinquency petition where defendant so requested.

Defendant was indicted for the unlawful possession of cannabis. He filed a petition to be treated as a juvenile pursuant to section 7(b), alleging that he was 17 years old on the date of the alleged offense.

The State responded that no authority existed to file a juvenile delinquency petition against a 17-year-old. The trial court disagreed and ordered the State to file a petition in juvenile court.

When the State later appeared in court and stated that it had no intention of filing a juvenile court petition, the court dismissed the indictment "for want of prosecution." In denying the State's motion to reconsider, the court explained that it had dismissed the indictment based on a denial of due process. The State filed a timely notice of appeal.

The State argues that the trial court erred by interpreting section 7(b) to require the State to file a juvenile court petition when a defendant requests to be treated as a juvenile pursuant to its provisions. The State argues that section 7(b) is merely a sentencing provision, allowing the court, in its discretion, to consider dispositions available under the Juvenile Court Act of 1987 (see 705 ILCS 405/5—23 (West 1996)) after a defendant has been convicted. Defendant has not filed a brief in this court. However, the issue is relatively simple and we therefore consider the merits of the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976).

■ ■ The State preliminarily contends that the trial court lacked the authority to dismiss the indictment. The State contends that defendant's right to be tried in a juvenile proceeding, if it exists at all, is merely statutory, with no constitutional basis. We agree that dismissing the indictment was an inappropriate remedy. A trial court has the inherent authority to dismiss an indictment where a defendant is denied due process and suffers substantial prejudice as a result. *People v. Lawson*, 67 Ill. 2d 449, 456 (1977). However, the power should be exercised sparingly. *Lawson*, 67 Ill. 2d at 457. Whether a person is tried in criminal court or juvenile court is a matter of procedure. *People v. P.H.*, 145 Ill. 2d 209, 222 (1991). The Juvenile Court Act of 1987 contains detailed provisions for transferring cases between juvenile court and criminal court. See 705 ILCS 405/5—4 (West 1996). There was no basis for dismissing the indictment.

■ More importantly, we also agree with the State that section 7(b) does not give a 17-year-old defendant a right to be tried in juvenile court. Section 7(b) provides as follows:

> "Any person under 18 years of age who violates Section 4 or 5 of this Act may be treated by the court in accordance with the Juvenile Court Act of 1987." 720 ILCS 550/7(b) (West 1998), citing 705 ILCS 405/1—1 *et seq.* (West 1998).

The issue is one of statutory construction. In construing a statute, a court must ascertain and give effect to the legislature's intent in

enacting the statute. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993). The statutory language is usually the best indication of the drafters' intent, and the language should be given its plain, ordinary, and popularly understood meaning. *Collins*, 155 Ill. 2d at 111.

■While it is not a model of clarity, the statute at issue appears to be in the nature of a sentencing provision. By its express terms, the statute applies only to someone who "violates" one of the referenced sections. Because a criminal defendant is presumed innocent, one cannot be said to have violated a law until he or she is convicted following a trial. Further, because the delinquency provisions of the Juvenile Court Act apply only to those under the age of 17 (705 ILCS 405/5—105(3) (West 1998)), such a trial must occur in adult court.

We note also that section 7(b) is found amid other sentencing provisions in the Act. Section 6 provides that a "casual delivery" of cannabis shall be treated as ordinary possession "for purposes of penalties." 720 ILCS 550/6 (West 1998). Section 7(a) provides that anyone at least 18 years old who delivers cannabis to someone less than 18 years old and at least 3 years younger may be sentenced to a term of imprisonment up to twice the length otherwise permitted. 720 ILCS 550/7(a) (West 1998). The inclusion of the section at issue among other provisions that clearly relate to sentencing reinforces our conclusion that section 7(b) applies only after a defendant is convicted. The statute means that, in sentencing a defendant, the court may in its discretion consider the various dispositional options provided in the Juvenile Court Act of 1987, such as residential placement for drug treatment. See 705 ILCS 405/5—23 (West 1996). In this regard, defendant's petition, while not necessarily improper, was premature. Any such petition will have to wait until after defendant is tried in criminal court.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

THOMAS and HUTCHINSON, JJ., concur.